## TWIMAN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12571. Decided Jan 16, 1933

Alexander Martin, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Norman S. Minor, Ass't Prosecuting Attorney, Cleveland, for defendant in error.

GARVER, PJ, SHERICK and LEMERT, JJ, (5th Dist), sitting.

LEMERT, J.

There are really only two issues raised by plaintiff in error in oral argument and in brief:

First: Did the trial court err in failing to charge the jury upon the law of self defense.

Second: Whether the trial court erred in failing to charge upon intent to kill in connection with the following charge:

"If you find, after careful and deliberate consideration of all the evidence that Samuel Seabrock came to his death by a gun shot fired by the defendant and that such

shot was fired by James Twiman purposely and with deliberate and premeditated malice, then it will be your duty to render a verdict of guilty of murder in the first degree."

On the first proposition, did the trial court err in failing to charge the jury upon the law of self defense? The authorities in Ohio are all of one accord that if there is sufficient evidence supporting a claim of self defense the jury must be instructed thereon. In the instant case the State claimed that there is no evidence in the record supporting the claim of self defense. In this connection we refer to the record of testimony with reference to the circumstances at the time the fatal shot was fired, and quoting from record pages 160 and 161, we find from the defendant's own testimony the following:

"Yes, he put his knife on the table and I told him to back up. While she was going after the drinks and he picks it up and I didn't want to shoot and I threw the empty beer bottle at him four or five feet above his head, and I did it to scare him. She came back with the liquor this time and she says: 'Make him put the knife on the table.' He laid the knife on the table. She didn't drink. I took a drink and stood inside the kitchen door and I says to him 'This is your liquor.' He was standing with his back looking out. He had been standing with his side to me and I says: 'This is your liquor,' and he smiled and didn't say anything. Mrs. Clayton said: 'Shoot him. He called me a bitch.' I have the gun trailing in my arm and when she said: 'Shoot him' I said: 'No, it's not necessary' and she said: 'I'll shoot him,' and she grabbed the gun. I grabbed it away and somehow I don't know how the gun went off and we turned and walked out the same door I came in down the steps and she started running and I says: 'Don't run.' She walked five or six feet ahead of me to her house. We got to her house and there is an icebox in the living room and I set the gun between the icebox and the wall."

There is nothing in the record which indicates any such necessity and, as already pointed out, it is affirmatively shown by defendant's own testimony that he did not think there was any necessity to resort to physical force.

The theory of the State in the instant case was the purposeful, deliberate and premeditated killing of the deceased. Upon this the court charged. The theory of the defense is that the killing was accidental.

The very nature of the defense of accidental shooting makes inconsistent any reliance upon the theory of self defense which requires some affirmative action on the part of the person claiming such defense.

On the second claimed ground of error we note that the court in his charge used the following language:

"If you find, after careful and deliberate consideration of all the evidence that Samuel Seabrock came to his death by a gun shot fired by the defendant and that such shot was fired by James Twiman purposely and with deliberate and premeditated malice, then it will be your duty to render a verdict of guilty of murder in the first degree."

The claim is made that herein is reversible error in that there was no intent to kill charged. In connection with the above charge we note in the court's charge, on page 214 of the bill of exceptions, the following:

"It is not always possible to prove purpose by direct evidence for purpose and intent are within the mind of man and in determining purpose you may look to all surrounding circumstances; what was said and done prior to the discharge of the gun inflicting the injury and inquire why the defendant had possession of the gun and I say again you are to remember it is presumed in law that one intends the natural and probable consequence of his voluntary acts, unless circumstances are such as to indicate the absence of intent."

We further note that in the court's charge on pages 211 and 212, that the court very clearly stated the elements that the State must establish, to-wit: First, That Samuel Seabrock is dead; second, that the defendant, James Twiman shot Samuel Seabrock; third, that Samuel Seabrock came to his death as a direct and proximate cause of a shot fired by the defendant; fourth, that the defendant did the act purposely and of deliberate and premeditated malice, and fifth, that the death occurred from an act committed within the County of Cuyahoga and State of Ohio, and further charged:

"It is essential in murder in the first degree that the accused shall have deliberated and premeditated upon the purpose to kill for some period of time prior to the act of

killing as charged. Purpose and intent to kill must have existed in the mind of the accused for such period of time as to preclude the idea that the said purpose and intent to kill were formed for the first time at the very time of the act of killing. Purpose and intent to kill is sufficient though it came into being and was formed but a short time before the act took place and if there were at and during such period deliberate and premeditated malice on the part of the defendant. Keeping in mind that a man is presumed to intend the reasonable and natural consequences of his voluntary and deliberate acts, judged in the light of all the circumstances then shown to have so existed."

We find, therefore, that the plaintiff in error's complaint is without basis according to the well established law laid down in **Cottell v State, 12 C.C. 473,** where the court held that the purpose or intent to kill in general, is proved by the circumstances, by what a party does and says, the manner of inflicting wounds, the instrument used, and its tendency to destroy life.

We, therefore, find that there is no error in this record and the finding of judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

GARVER, PJ, and SHERICK, J, concur.