**STATE, Plaintiff, v. KRAMER, Defendant.**

Ohio Appeals, Second District, Clark County.

Decided September 18, 1953.

Theodore Malcolm Kramer, in his own right.

## OPINION

By HORNBECK, J:

The matter before the Court is brought to our attention by Registered Letter from defendant addressed to one of the Judges of the Court. The Clerk of Courts will be instructed to file the letter from defendant in this

Court, give it a Case Number and note it as an Application for Leave to Appeal Sentence and Judgment in Case No. 10819, Common Pleas Court, Clark County, Ohio.

We consider the letter as an application of defendant for leave to appeal a judgment of conviction and sentence on three counts of an indictment charging burglary of an inhabited dwelling house.

The application is filed by authority of §13459-4 GC.

"Appeal under §2953.04 R. C., may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from sentence and judgment, such appeal may be filed only by leave of the Court or two of the Judges thereof."

Defendant was sentenced on December 18, 1951 and the time within which an appeal could have been prosecuted as a matter of right has elapsed.

The application must be denied for failure to observe the procedural requirement of §13459-5 that

"Before the filing of a notice of appeal or a motion for leave where leave must first be obtained, a copy thereof must be served upon the Prosecuting Attorney."

Without regard to the procedural requirements of §13459-5 GC, if the motion for leave to appeal could be considered upon the merits, as set forth in the letter of defendant, it would have to be denied.

The grounds of the application are that defendant, an indigent, was represented by counsel appointed for his defense, that he was unable financially to procure counsel to perfect his appeal and did not have the ability to prepare his own appeal, that

"It is my belief, and I believe the record will affirm that the verdict and judgment are not sustained by the evidence; that there were prejudicial and reversible errors committed by the trial court * * *."

It is manifest that to support an order for leave to appeal something more must appear than a desire to appeal and an opinion that there is reversible error in the record.

This Court has the widest discretion as to the propriety of granting a leave to appeal. Judge Ross, in his opinion in **State v. Edwards, 157 Oh St 181,** said

"The Court of Appeals is left free to grant the appeal or to refuse it. It may be seriously doubted whether under such authority the conclusion of the Court of Appeals can ever be questioned."

It is the policy of this Court upon such applications for leave to appeal to exercise discretion in the light of the facts appearing in each application. **State v. McGahan, 86 Oh Ap 283.**

As a general rule, before a defendant can secure the right of leave to appeal from judgment and sentence there must appear some substantial reason for failure to prosecute the appeal as a matter of right and either, probable error of law in the trial of his case, or, facts. which, if true, overcome the presumption of the regularity and validity of the proceedings under which he was sentenced. That is to say, that upon the motion for leave to appeal there is a showing of. probability of a miscarriage of justice. State v. McGahan, supra.

A defendant in a criminal case is assured an appeal, as a matter of right, if prosecuted within the time prescribed by the Code, viz: within

thirty days from sentence and judgment. There is also an extender of time within which a new trial may be granted if upon the grounds of newly discovered evidence. **Sec. 2945.80 R. C. (§13449-2 GC).** The further provision as to the granting of a leave to appeal is not in furtherance of any constitutional right of defendant but is a privilege granted by Legislative action. State v. Edwards, supra.

It is only proper that a defendant make a showing of a clear right to leave to appeal before such right be granted. No such showing is made in this case.

The motion for leave to appeal will be denied.

WISEMAN, PJ, MILLER, J, concur.