THE STATE OF OHIO, APPELLEE, *v.* FORSYTHE, APPELLANT.*

---

*Motion for leave to appeal overruled (36153), October 14, 1959. Appeal dismissed, 170 Ohio St., 38.

(No. 1140—Decided June 4, 1959.)

*Mr. Anthony J. Bowers*, prosecuting attorney, and *Mr. John R. Evans*, for appellee.

*Mr. Wilmer D. Rekeweg* and *Mr. J. Gareth Hitchcock*, for appellant.

*Per Curiam.* The laws of Ohio permit the review by the Court of Appeals of a judgment of the Common Pleas Court in a criminal action and provide for two methods of accomplishing this review, commonly referred to as (1) appeal as a matter of right and (2) appeal by leave of court. Each of these methods of review is initiated by a defendant-appellant and is circumscribed by certain procedural requirements or conditions which must be satisfied by the defendant-appellant, or, if he has employed counsel, by his counsel for him. *State* v. *Edwards*, 157 Ohio St., 175.

In case number 1113 in this court, the defendant, appellant herein, by his counsel attempted to perfect an appeal as of right to this court but failed to satisfy the mandatory procedural requirements or conditions, and the appeal as a matter of right had to be, and was, dismissed by order of this court. This left no action pending in this court with respect to defendant.

Thereafter, the instant proceeding was initiated by the defendant, acting by and through his duly employed counsel, filing a motion in this court for leave to appeal "on questions of law from the judgment set forth in the notice of appeal hereto attached, for errors of law prejudicial to the right of the appellant as set forth in the brief filed herewith." There was no notice of appeal attached to the motion, and the so-called brief consisted of a mere listing of some 25 "assignments of error." There has been nothing further filed by the defendant, and the only other thing offered in support of his motion was the argument of his attorney on the hearing of the motion.

Although it appears that the filing of a motion for leave

to appeal initiates a separate and independent action on the docket of this court distinct from the action theretofore initiated by notice of appeal as a matter of right, which was thereafter dismissed, and that by reason thereof a notice of appeal would have to be filed in the trial court and in this court, and a transcript of the record and original papers would have to be filed in this court, as required by Section 2953.04, Revised Code, the defendant did not meet either of these procedural requirements in this action. However, in the interests of justice we will not explore the proposition of whether these requirements are mandatory, nor will we rest our decision on any failure to comply with same.

In perfecting and justifying the allowance of a motion for leave to appeal there are, among others, two conditions or rules of law which must be satisfied.

The first of these two conditions is that there must appear some substantial reason for failure to prosecute the appeal as a matter of right. See *State* v. *Kramer*, 70 Ohio Law Abs., 97; *State* v. *Lyle*, 73 Ohio Law Abs., 417; and *State* v. *Van Hoose*, 75 Ohio Law Abs., 128.

The second is that there must appear either probable error of law in the trial of the cause or facts which, if true, overcome the presumption of the regularity of the proceedings under which defendant was sentenced. See *State* v. *Kramer, supra* (70 Ohio Law Abs., 97); and *Ex parte Hertz*, 74 Ohio Law Abs., 71. See, also, *State* v. *Merricks*, 88 N. E. (2d), 293.

The defendant has wholly failed to make any showing to satisfy either of these conditions precedent. The most this court has had before it to consider in this respect are the bare statements of counsel made in argument, unsupported by anything. The "assignments of error" filed with the motion constitute at best conclusions of law, and this court has nothing before it by which it could be determined that any of the errors assigned exist, or, if they exist, are prejudicial to the defendant. The presumption of the regularity of the proceedings of the trial court has not been overcome.

The motion of defendant for leave to appeal is, therefore, overruled.

*Motion overruled.*

Younger, P. J., Guernsey and Middleton, JJ., concur.