Robert SAULSBURY, Petitioner-Appellant,

v.

Lamoyne GREEN, Superintendent, Marion Correctional Institution, Respondent-Appellee.

No. 15271.

United States Court of Appeals Sixth Circuit.

June 18, 1963.

Robert Saulsbury, in pro. per.

John Cianflona, Asst. Atty. Gen., Columbus, Ohio, William B. Saxbe, Atty. Gen., Columbus, Ohio, on brief, for appellee.

Before WEICK and O'SULLIVAN, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

Robert Saulsbury appeals to this Court from an order of the United States District Court for the Northern District of Ohio dismissing his petition for writ of habeas corpus. Saulsbury is a prisoner in one of the state prisons in Ohio, there confined under judgment of the Court of Common Pleas of Cuyahoga County, Ohio. His petition alleged that his conviction of violation of the narcotics laws was tainted with violation of his federally granted Constitutional rights.

The petition does not allege that he took any appeal from his conviction and the only remedy attempted by him in the state courts of Ohio was an application for writ of habeas corpus to the Ohio Court of Appeals for the Tenth District, which denied his petition. Upon the filing of his present petition for writ of habeas corpus, the respondent, Superintendent of the Marion Correctional Institution, moved to dismiss the petition on the ground that Saulsbury did not, as required by Title 28 U.S.C.A. § 2254, exhaust remedies available to him in the State of Ohio. The motion was granted.

Under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, Sauls-

bury's failure to have employed state remedies not now available to him would not bar his present entry into the United States Courts. However, there still remains available to Saulsbury state court remedies in Ohio in which he can raise the constitutional question now asserted by him. Under Article 4, Section 2 of the Ohio Constitution, the Supreme Court of that state has original jurisdiction in habeas corpus. This remedy is recited as a procedural right under Section 2725.02 of the Ohio Revised Code. Likewise, under Section 2953.05 of the Ohio Revised Code, Saulsbury could, by obtaining leave of court, seek a delayed appeal. These remedies being still available to Saulsbury, we are of the opinion that his petition to the District Court in this case was properly dismissed.

The judgment of the District Court is affirmed.