**Leroy KIRKLAND, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 16787.**

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1966.

Leroy Kirkland, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before EDWARDS and PECK, Circuit Judges, and FOX*, District Judge.

* Honorable Noel P. Fox, United States District Judge for the Western District of Michigan, sitting by designation.

PER CURIAM.

Appellant was tried and convicted of robbery armed and aggravated assault in an Ohio court. On appeal his conviction was affirmed. Subsequently he filed a motion with the Ohio Supreme Court for leave to appeal. Such motion was granted. In said appeal appellant claimed that he had suffered Federal constitutional abuse prior to his trial and conviction by the fact that there had been an illegal delay in his arraignment and by the fact that there had been an illegal search.

The Ohio court, after a hearing before a Master Commissioner, found that appellant had shown no substantial constitutional question.

It appears to be conceded that no motion to suppress evidence was ever made and that there was no objection at trial to admission of evidence which appellant now contends to have been illegally seized.

As to the claim of illegal delay in arraignment, there is no showing that any confession was received in evidence and no prejudice is shown to have resulted to appellant from any such delay.

 Additionally, as to these two issues, a review of the petition filed before the United States District Judge convinces us that the allegations therein contained are too vague and conclusional (particularly when measured against the files and records available to the District Judge) to require our reversal for factual hearing. United States v. Orlando, 327 F.2d 185 (C.A. 6, 1964), cert. denied, 379 U.S. 825, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). Cf. Scott v. United States, 349 F.2d 641 (C.A. 6, 1965).

Before Judge Underwood, and before us, appellant also presents a third issue referring to a deposition which he apparently claims was received in evidence. He claims that he was denied Sixth Amendment rights of confrontation of witnesses by the fact that he did not have a chance to be represented at the taking of the deposition. It is clear that this issue was not presented to the Ohio State Supreme Court in his prior appeal. Judge Underwood held in this regard that he had not exhausted his state remedy.

Appellant has a method of presenting this issue to the Ohio State Supreme Court under Sections 2953.21–2953.24 of the Ohio Revised Code. We have previously held that he should be required to do so before litigating the issue in the Federal courts. Saulsbury v. Green, 318 F.2d 320 (C.A. 6, 1963); Click v. State of Ohio, 319 F.2d 855 (C.A. 6, 1963).

Affirmed.