Luther Robert COLEY, Petitioner-Appellant,

v.

Ralph W. ALVIS, Superintendent Lebanon Correctional Institution, Respondent-Appellee.

No. 17477.

United States Court of Appeals
Sixth Circuit.

Sept. 6, 1967.

Luther Robert Coley, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before PHILLIPS, CELEBREZZE, and COMBS, Circuit Judges.

PER CURIAM.

Luther Robert Coley (Appellant) appeals from an order of the District Court denying his application for a writ of habeas corpus. On August 8, 1962, Appellant was indicted by the Grand Jury of Jackson County, Ohio for the crimes of breaking and entering in the night season, and grand larceny. Upon the advice of counsel, Appellant entered a plea of guilty to the charge of grand larceny. The count containing the charge of breaking and entering in the night season was nolled. Appellant was sentenced to the Ohio Reformatory for a period of one to seven years.

On December 22, 1965, Appellant's petition to vacate his sentence was denied. No appeal was taken either from his original conviction or from the denial of his petition to vacate his sentence. Appellant has not collaterally attacked his State Court conviction.

The District Court for the Southern District of Ohio, Western Division, allowed Appellant to proceed in forma pauperis in the prosecution of a writ of habeas corpus.

In his petition for a writ of habeas corpus, Appellant alleges five violations of his constitutional rights, as follows:

1. That he was allowed only five hours counselling with his court appointed attorney before going to trial.

2. That the trial judge denied a continuance to enable adequate preparation for trial.

3. That the trial judge denied the issuance of defense subpoenas.

4. That his plea of guilty was involuntary and obtained under duress.

5. That his court appointed counsel was incompetent.

For failure to exhaust his State administrative remedies, the District Court, on August 30, 1966, entered an Order dismissing his petition for a writ of habeas corpus.

■ While this appeal was pending, the Ohio Supreme Court, in State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), construed Ohio Penal Code Section 2953.21 et seq. which provides for post conviction relief. Ohio Revised Code Section 2953.21 provides in part:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence. * * *"

In construing the statute, the Supreme Court of Ohio stated:

"A prisoner is entitled to relief under the statute only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

"Within the meaning of the statute, a judgment of conviction is void if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for the crime for which he was convicted. Conversely, where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant. Perry v. Maxwell, Warden (1963), 175 Ohio St. 369, 195 N.E.2d 103; Mills v. Maxwell, Warden (1963), 174 Ohio St. 523, 190 N.E.2d 264; State v. Wozniak (1961), 172 Ohio St. 517, 522, 178 N.E.2d 800.

"The word 'voidable' has caused some confusion. Thus, an erroneous judgment that is not void could be considered as in effect 'voidable,' so long as it may be set aside on appeal.

Hence, it may be suggested that, because of the word 'voidable' in the statute, we should hold that constitutional issues can be considered and litigated in postconviction proceedings, even though they have already been or could have been fully litigated by a prisoner, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. * * *"

In construing the word "voidable" so as not to conflict with the doctrine of res judicata, the Court held:

"Under the doctrine of *res judicata,* a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense, or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. As stated in 18 American Jurisprudence 2d 505, Section 33:

" 'Just as the petitioner's knowledge, at the time of trial, of the error of fact relied upon, or his fault in not discovering such error previously, will bar relief under a common-law writ of error coram nobis, such factors will also bar a comparable statutory [post-conviction] remedy.' "

One example of a voidable judgment of conviction, given by the Court, is:

"Where the convicted defendant was not represented by counsel at the trial or plea of guilty that resulted in the judgment of conviction."

 Here Appellant was represented by counsel at the time of his plea of guilty. It is clear, under the *Perry* decision, that Appellant is precluded from pursuing the five issues raised here since they could have been raised at the time of Appellant's plea of guilty.

Because of the narrow limits placed on the Ohio post-conviction statute, there is no longer any effective State remedy open to the Appellant to exhaust. The *Perry* decision has rendered such process ineffective to protect the rights of Appellant.

The only question remaining is whether or not in the light of the *Perry* decision it is incumbent upon the Defendant to appeal to the State Supreme Court for a ruling on his writ, before he can maintain his action in the United States District Court. We think not. This would be but a futile gesture on Defendant's part, since the grounds he set forth to sustain his writ do not fall within any of the exceptions enumerated by the Supreme Court of Ohio in the *Perry* decision.

The judgment of the District Court dismissing Appellant's petition for a writ of habeas corpus for failure to exhaust State remedies is reversed and the matter is remanded to the District Court for further consideration.