THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as State v. Smith, 12 Ohio St. 2d 7.]

(No. 40992—Decided October 11, 1967.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Lloyd O. Brown,* for appellee.

*Mr. Lonnie Smith, in propria persona.*

*Per Curiam.* In this action, appellant contends that he was not advised of his right to counsel nor was counsel offered to him. The Court of Common Pleas reached its decision denying relief in this case without a hearing. It is conceded by the state that appellant was not represented by counsel at the time he pleaded guilty. The state also concedes that the record is silent as to whether he was advised of his right to counsel.

In a case where an accused is not represented by counsel at his trial or at the time he pleads guilty and the record does not show whether the accused was advised of his right to counsel or that he intelligently waived counsel, it is incumbent on the court in a postconviction proceeding to conduct a hearing on such questions and make findings of fact in relation thereto.

8

Ordinarily, the court should appoint counsel to represent the petitioner in such instances. (*State* v. *Perry*, 10 Ohio St. 2d 175, footnote 2, at page 180.) However, if the record is silent and the state does not have and does not propose to introduce any evidence, the appointment of counsel may be unnecessary because there will in such instance necessarily be a finding in favor of the petitioner.

The motion to certify is allowed and the judgment of the Court of Appeals reversed. The cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.