**Arthur KNOX, Petitioner,**

v.

**E. L. MAXWELL, Warden, Respondent.**

**No. C 67–706.**

United States District Court

N. D. Ohio, E. D.

Dec. 18, 1967.

---

## MEMORANDUM OPINION
## AND ORDER

LAMBROS, District Judge:

Petitioner has filed a motion to proceed *in forma pauperis*, and petitions the court for a Writ of Habeas Corpus. His petition reveals that he is presently in the custody of respondent, E. L. Maxwell, Warden of the Ohio State Penitentiary in Columbus, Ohio. This confinement is pursuant to a sentence imposed by the Common Pleas Court of Cuyahoga County, Ohio. He was sentenced on January 16, 1964, after pleading guilty to a charge of armed robbery, and he did not appeal either the conviction or the sentence.

Petitioner asserts that he is entitled to a Writ of Habeas Corpus from this court on the following grounds:

"Ineffective representation of counsel, and an abridgement in direct violation of Title 18, U.S.C.A. 241 and/or 242. * * *"

Other statements in the petition make it unclear whether the petitioner actually intends his ground to be the "ineffective representation of counsel," as opposed to the denial of counsel altogether. He indicates that he was not represented by counsel at his arraignment or plea; he was only represented at the time of sentencing. He also states that he did not appeal his conviction because he was advised by his attorney that appeal would be useless. In view of these statements, it is unclear from the petition whether the asserted ground is the denial of petitioner's right to counsel at the time of arraignment and plea, or the ineffective representation of counsel at the time of sentencing and thereafter.

His petition reveals that he never appealed his conviction or the imposition of sentence. Neither has he attempted to pursue a remedy under the Ohio Post-Conviction Act, Section 2953.21, Ohio Revised Code.

■ The initial question for this court to determine is whether petitioner has exhausted the remedies available to him under the laws of Ohio. The Courts of the United States may not grant Writs of Habeas Corpus on behalf of persons in custody pursuant to a state conviction, unless one of three things appears. The applicant must demonstrate that he has exhausted the remedies available to him in the courts of the state. Or he must show that there is either an absence of available state corrective process, or the presence of circumstances which render such process ineffective to protect his rights. Title 28, U.S.C.A., Section 2244.

The court is, therefore, first required to consider whether petitioner has exhausted the remedies available to him under the laws of Ohio. It must then determine whether any remedies that he has not exhausted are ineffective to provide him with relief. In that case his failure to pursue them may be excused. In passing upon the availability of these state remedies, it will be necessary to examine the statutory scheme for post-conviction relief in Ohio.

■ Section 2725.02 of the Ohio Revised Code empowers the courts of Ohio to grant habeas corpus relief. This power is limited, however, by Section 2725.05, Ohio Revised Code, which provides as follows:

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order."

This statutory framework is declarative of the common law of Ohio. Freeman v. Maxwell, Warden, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965), cert. denied 382 U.S. 1017, 86 S.Ct. 634, 15 L.Ed.2d 532. Since the statute is coextensive with the common law power in Ohio, it is apparent that the statute is now the exclusive source of the power to issue Writs of Habeas Corpus, and that no common law power outside the statute has survived. The statutory power is, therefore, the only means by which the Ohio courts may grant habeas corpus relief.

Section 2725.05 was originally interpreted somewhat strictly. For a long period, a Writ of Habeas Corpus would be allowed only where the convicting or sentencing court lacked jurisdiction of the person of the defendant or of the subject matter of the offense.

More recently, however, the Supreme Court of Ohio expanded the coverage of the statute. The court itself has stated the reason for this expansion:

"Because there was no other adequate means of collaterally attacking * * * a judgment of conviction, this court has recently been permitting such attacks in habeas corpus proceedings. The only reason for permitting this

extension of the right to relief in habeas corpus was that there was no other adequate remedy available in the ordinary course of the law to assert and establish that the judgment of conviction had denied the prisoner his constitutional rights." Freeman v. Maxwell, supra, 4 Ohio St.2d at pp. 5–6, 210 N.E.2d at p. 886.

The expansion of the right to attack a conviction collaterally through habeas corpus was not, however, without limits. In a series of cases, the Ohio Supreme Court held that claims for the denial of certain constitutional rights could be made only at the time of trial or by appeal. These grounds could not be asserted as the basis for a collateral attack of the conviction through habeas corpus proceedings. See: e. g., Partsch v. Haskins, Supt., 175 Ohio St. 139, 191 N.E.2d 922 (right to a speedy trial must be claimed at the trial level and failure to urge it is a waiver of the right); Goman v. Maxwell, Warden, 176 Ohio St. 236, 199 N.E.2d 10 (to the same effect); State v. Frato, 168 Ohio St. 281, 154 N.E.2d 432 (improper denial of transcript for appeal can be raised only on appeal); Tinsley v. Maxwell, Warden, 176 Ohio St. 185, 198 N.E.2d 673 (to the same effect). The court felt that claims of this sort were within the prisoner's knowledge, or at least easily discoverable, at the time of trial, and that appeal was adequate for the correction of these defects. The prisoner was required to raise these claims at trial or on appeal, and could not reserve them as the basis for a later collateral attack.

Since these claims could be raised at trial or on appeal, the court reasoned that the appellate process was an adequate remedy for their correction. And since this adequate remedy existed, there was no need for the extraordinary habeas corpus relief. (See above citations.)

The court employed this reasoning to distinguish between the case where the prisoner asserted as his constitutional claim the incompetency of his counsel and the case where he claimed he was denied the right to counsel altogether. The former claim was held cognizable only on appeal, whereas the latter could be raised through habeas corpus. See Johnson v. State, 177 Ohio St. 37, 201 N.E.2d 602; Vaughn v. Maxwell, Warden, 176 Ohio St. 289, 199 N.E.2d 570, cert. denied 379 U.S. 860, 85 S.Ct. 121, 13 L.Ed.2d 63; Gifford v. Maxwell, Warden, 177 Ohio St. 77, 202 N.E.2d 424; Rodriguez v. Sacks, Warden, 173 Ohio St. 456, 184 N.E.2d 93; Poe v. Maxwell, Warden, 177 Ohio St. 28, 201 N.E.2d 703. By reason of this distinction, a prisoner whose claim was that he was denied the right to counsel altogether would be eligible for habeas corpus relief from the Ohio courts at the time of these decisions. A prisoner who claimed that he was denied the effective representation of counsel would not be so eligible.

What has been outlined above was the law of Ohio prior to 1965. In that year the Legislature passed the Ohio Post-Conviction Act (Sections 2953.21 to 2953.24, Ohio Revised Code). Section 2953.21 provides as follows:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment *void or voidable* under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence. (Emphasis supplied.)

"Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto.

"If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment *void or voidable* under the Ohio Constitution or the Constitution of the United States, it shall vacate and set

aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. Cost shall be taxed as in habeas corpus proceedings." (Emphasis supplied.)

Soon after the passage of this Act, the Supreme Court of Ohio in Freeman v. Maxwell, supra, outlined the effect of the new post-conviction remedy on the jurisdiction of the older Writ of Habeas Corpus. The court noted that it had permitted expansion of the right to relief in habeas corpus because there was no other means of collaterally attacking a conviction under Ohio law. This expanded coverage was no longer necessary since the Post-Conviction Act provided an adequate remedy to assert collaterally the denial of a prisoner's constitutional rights. The court then stated:

"Our conclusion is that the availability of the postconviction remedies provided by Sections 2953.21 to 2953.24, inclusive, Revised Code, is ground for denial of such [habeas corpus] remedies in pending as well as future habeas corpus actions." 4 Ohio St.2d at p. 6, 210 N.E.2d at p. 887.

The effect of this decision was to replace a convicted prisoner's remedy of Writ of Habeas Corpus with a new right to proceed under the Ohio Post-Conviction Act. Relief in habeas corpus would no longer be granted where Post-Conviction relief was available. And more recently the court stated that where a determination under the Post-Conviction Act is rendered against a prisoner, he may not then attempt to secure state habeas corpus. Anderson v. Maxwell, Warden, 10 Ohio St.2d 188, 226 N.E.2d 103 (1967).

This year, in State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104, the Supreme Court of Ohio gave a definitive interpretation of the scope of the new Post-Conviction Act. Specifically, the court construed the following portion of Section 2953.21:

"If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, it shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate."

The court concerned itself with the meaning to be given the words, "void or voidable." A "void" conviction, the court stated, was one rendered by a court having no jurisdiction over the person of the defendant, or no jurisdiction of the subject matter of the offense. This, we may recall, was the only ground for a Writ of Habeas Corpus originally permitted by the Ohio statutes.

The court stated that it was attempting to interpret the word "voidable" consistently with the doctrine of *res judicata*. A "voidable" conviction, under the court's interpretation, was one in which the denial of the constitutional right could not have been challenged by the prisoner at the time of his trial. This inability might result either from his lack of knowledge of the factual basis of the claim, or of its existence, or from his inability to ascertain his right to the thing denied. Since the court did not enumerate all the possible situations, other permissible reasons for failing to assert a constitutional claim may also exist.

█ In effect, it allowed the use of the Post-Conviction Act only where the claim asserted is one which the prisoner could not be reasonably required to assert at the time of trial or on appeal. All other claims and defenses must be asserted at trial, or by appeal, or not at all.

This distinction was not new to the law of Ohio. Indeed, it was the same distinction which had previously existed between constitutional infringements which would entitle a prisoner to habeas corpus, and infringements which could only be raised on appeal.

The court, through this decision, replaced the area previously occupied by the habeas corpus procedure with the new Post-Conviction Act. The scope of the new remedy was to be virtually identical with the scope of the old remedy. It replaced habeas corpus almost completely.

■ In one area the Post-Conviction Act did not replace habeas corpus. Since the post-conviction remedy by its terms applied only to persons challenging convictions or judgments, habeas corpus remained the remedy available for persons challenging the legality of their confinement *before* conviction, and for persons challenging their confinement on grounds unrelated to conviction itself. See, e. g., Miller v. Haskins, Supt., 12 Ohio Misc. 164, 230 N.E.2d 694 (Common Pleas, Madison County, 1967); McNary v. Green, Supt., 12 Ohio St.2d 10, 230 N.E. 2d 649 (1967).

■ It appears from the above that for purposes of Federal habeas corpus, the Ohio post-conviction procedure is an "adequate remedy" under state law and must be pursued by a prisoner, where it is available to him. See: Kirkland v. Maxwell, Warden, 369 F.2d 687 (6 Cir. 1966). And in the few cases where habeas corpus is available, it is the remedy which must be pursued.

■ There is one other remedy available to a prisoner under Ohio law after the time for filing his appeal has elapsed. Section 2953.05 enables a prisoner to apply to one of the courts of appeals of Ohio for leave to file a delayed appeal of his conviction.

As noted above, in many cases of claimed infringements of constitutional rights, the Ohio courts would not permit habeas corpus relief, and will not now permit relief under the Post-Conviction Act. In such cases, the prisoner is remitted to the procedure on appeal or delayed appeal. If the time for filing an appeal has lapsed, delayed appeal is the only remedy available to him under Ohio law.

■ This is an unfortunate situation for a number of reasons. A prisoner whose claim may be brought under the Post-Conviction Act is entitled to a hearing on the merits of his claim as a matter of right:

"In a case where an accused is not represented by counsel at his trial or at the time he pleads guilty and the record does not show whether the accused was advised of his right to counsel or that he intelligently waived counsel, it is incumbent on the court in a postconviction proceeding to conduct a hearing on such questions and make findings of fact in relation thereto." State v. Smith, 12 Ohio St.2d 7, 230 N.E.2d 551 (1967).

A prisoner whose claim may be raised only on delayed appeal is not so fortunate. He is not entitled to a hearing on the merits of his claim as a matter of right. The Ohio courts have emphasized that granting or refusing a delayed appeal is discretionary with the court. Indeed, the Supreme Court of Ohio recently repeated this in Perry v. Maxwell, Warden, 175 Ohio St. 369, 195 N.E.2d 103:

"Where no reason is advanced by an appellant as to why an appeal could not reasonably have been instituted 'within 30 days after * * * judgment and sentence,' the Court of Appeals may, in the exercise of its discretion, deny leave to appeal. In doing so, the court need advance no reason for its action." 175 Ohio St. at p. 371, 195 N.E.2d at p. 105. See also, e. g., State v. Steel, Ohio App., 199 N.E.2d 24, 30 O.O.2d 41 (C.A.Ross County, 1964); State v. Kramer, Ohio App., 127 N.E. 2d 61, 70 Ohio Law Abst. 97 (C.A. Clark County, 1953).

Furthermore, in ruling upon these requests for delayed appeal, the courts have emphasized the requirement of an adequate excuse for failing to appeal within the thirty-day limit. For example, in State v. Steel, supra, the court stated:

"Under Section 2953.05, Revised Code, leave to appeal will not be granted without a showing that because of unavoidable circumstances a party has been precluded from filing an appeal within the time prescribed by law and upon a prima facie showing that prejudicial error has been committed in the trial court."

And in Perry v. Maxwell, supra, the court went on to hold that where issues are raised on an application for delayed appeal, and the leave to appeal is denied

for any reason, habeas corpus will not be permitted. Habeas corpus will not be granted after an application for delayed appeal has been denied.

 In view of this, it appears that Ohio has a rather restrictive procedure for prisoners asserting constitutional claims which may not be raised under the Post-Conviction Statute or on habeas corpus. Such claims may be raised *only* by appeal; and if the petitioner is unfortunate enough not to have filed a timely appeal, he must raise these grounds in an application to file a delayed appeal. In passing upon this application, the Court of Appeals need not consider the merits of his claim; and the appeal may be allowed or refused in the discretion of the court. The decision may be based on the degree of diligence exhibited by petitioner in asserting his rights earlier; the petitioner's constitutional claim need not be considered. And leave to appeal may be denied even though the constitutional claim is valid. A determination on an application for leave to appeal is conclusive as to the rights asserted, regardless of whether these rights are the basis of the determination, and these rights may not then be asserted through habeas corpus.

 We have noted that the Post-Conviction Act remedy is the only one which may be pursued by a prisoner who asserts a claim that he could not have raised at trial or on appeal—the *Freeman* case held that the post-conviction remedy has replaced habeas corpus in this area. And we have noted that there is no common law power to issue habeas corpus in Ohio—the statutory power was exclusive, and it superceded the common law power. In the case of claims which could be asserted at trial or on appeal, the appellate process and the delayed appeal remedy are the exclusive procedures— even under earlier law, Ohio would never grant habeas corpus in such cases. And Perry v. Maxwell, supra, held that habeas corpus would not be permitted after exhaustion of the appellate remedies.

 Since these cases cover the field of possible post-conviction claims, it is clear that state habeas corpus cannot be used under the law of Ohio to challenge the validity of a conviction. It is not an adequate or effective remedy under Ohio law in such cases. It need not be pursued by a prisoner before he petitions the federal courts for a Writ of Habeas Corpus, in cases where the prisoner is challenging the validity of his conviction.

It remains to be determined whether the remedy of delayed appeal is an adequate remedy under state law which must be exhausted.

As noted above, delayed appeal is a matter of discretion with the court. It is permitted by grace of the court and not by right of the prisoner. And the Ohio courts have emphasized the element of diligence in appeal when passing upon these matters. So there is no guarantee, or even likelihood, that the determination on an application for delayed appeal will be based upon the validity of the constitutional claim itself.

In spite of these factors, a long line of cases hold that delayed appeal is an adequate remedy which must be exhausted. Saulsbury v. Green, Supt., 318 F.2d 320 (6 Cir. 1963); Gravette v. Maxwell, Warden, 340 F.2d 95 (6 Cir. 1965); Harris v. Maxwell, Warden, 337 F.2d 710 (6 Cir. 1964); Russell v. Maxwell, Warden, 348 F.2d 908 (6 Cir. 1965) cert. denied 382 U.S. 998, 86 S.Ct. 585, 15 L.Ed.2d 485; Rollins v. Haskins, Supt., 6 Cir., 348 F.2d 454, cert. denied 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152.

More recently, however, the Sixth Circuit has decided Coley v. Alvis, 381 F.2d 870 (6 Cir. 1967). In that case a petitioner for Writ of Habeas Corpus in the Federal Court asserted that he was denied the effective representation of counsel at the time of his guilty plea. It will be recalled that this type of claim can only be raised by appeal or delayed appeal under the law of Ohio. He had not appealed his conviction, nor had he pursued post-conviction relief. The court referred to the Ohio decision in State v. Perry, supra, which construed the post-conviction remedy as being unavailable for claims based on denial of effective

representation. The Sixth Circuit then stated that in view of the *Perry* decision "there is no longer any effective State remedy open to the Appellant to exhaust." The court remanded the case to the District Court, holding that the petitioner had exhausted his available state remedies. It was silent on the question of whether the petitioner was required to exhaust the remedy of delayed appeal, which was the only remedy available to him under Ohio law.

The Court of Appeals' silence on this matter leaves this court uncertain whether the delayed appeal remedy is still regarded as an adequate remedy available under the law of Ohio. It was held to be an adequate remedy in the long line of cases prior to the *Coley* decision; yet, in *Coley*, the prisoner was not required to pursue it. While the law has thus become somewhat unclear in this case, this court has determined that in the absence of a specific repudiation of the earlier decisions, it will follow the long line of cases prior to the *Coley* decision.

■ We, therefore, find that delayed appeal is an adequate remedy under the law of Ohio, which must be exhausted, when available, before a prisoner will be granted federal habeas corpus relief.

■ Before a prisoner in custody under an Ohio conviction may proceed in habeas corpus in a federal court, he must have exhausted his remedies under the applicable Ohio procedure. Depending on the nature of his claim, he is required to pursue either the post-conviction remedy or the remedy of appeal or delayed appeal. Habeas corpus is no longer an available remedy under the law of Ohio for challenging the validity of a conviction, and in such cases, it need not be pursued.

■ From the face of the petition herein, it appears that the petitioner has not pursued his remedies under the Post-Conviction Act. Neither has he appealed his conviction. Nor has he filed for a delayed appeal. A determination of the exact nature of his claim, i. e., denial of counsel versus ineffective representation, would, therefore, be academic, for it is apparent that under either theory he has not pursued the available state remedy.

Although petitioner has not exhausted the available state remedies, he has applied unsuccessfully in various forms to a number of courts for relief. The court is mindful of the complexity of the requirements for exhaustion of state remedies. It is unfortunate that a prisoner has such difficulty under the present legal system in receiving a hearing upon the merits of his claim.

The court is hesitant to return the prisoner to the state courts, knowing that there is likelihood that he will be required to present his claim again here at some future date. Yet this does not alter the court's duty in this area. Our federal structure requires that a court of the United States gives a state every reasonable opportunity to correct its own process:

"* * * [W]hen it is remembered that the delicate balance of a federal system is at stake, and that expansion of the jurisdiction of the federal courts diminishes the power of the states, it is apparent that efficiency cannot be the sole or the controlling consideration." Wright on Federal Courts (1963 Ed.), p. 2.

■ In view of the foregoing, this court holds as follows: The Ohio Post-Conviction Statute is an adequate remedy under state law. It must be pursued by a prisoner in cases where the rule in State v. Perry makes it available to him before he may seek habeas corpus in the federal court. See: State v. Smith, 12 Ohio St.2d 7, 230 N.E.2d 551 (1967); Kirkland v. Maxwell, Warden, 369 F.2d 687 (6 Cir. 1966).

■ The remedy of delayed appeal is an adequate remedy under the law of Ohio, and it must be pursued, where available under the rule in State v. Perry, before federal habeas corpus will be granted.

■ Under Ohio law, habeas corpus is not an adequate remedy for challenging the validity of a conviction. It need not be pursued by a petitioner challeng-

ing the validity of his conviction before application for federal habeas corpus. However, it is an adequate remedy in certain other cases not involving the validity of the conviction itself. See: e. g., Miller v. Haskins, Supt., 12 Ohio Misc. 164, 230 N.E.2d 694 (Common Pleas, Madison County, 1967); McNary v. Green, Supt., 12 Ohio St.2d 10, 230 N.E. 2d 649 (1967). In such cases, it must be pursued.

If petitioner's contention is that he was denied the right to counsel, he is required to pursue his remedy under the Ohio Post-Conviction Act. If his contention is that he was denied effective counsel, he is required to pursue his remedy of delayed appeal. Since he has done neither, this court is not permitted to review the merits of his contentions. Title 28, U.S.C.A. Section 2254.

The motion to proceed *in forma pauperis* will be granted. The Petition for Habeas Corpus will be denied.