THE STATE OF OHIO, APPELLEE, *v.* BRYANT, APPELLANT.

[Cite as State v. Bryant, 15 Ohio St. 2d 62.]

(No. 68-93—Decided June 19, 1968.)

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. David H. Bodiker,* for appellee.
*Mr. Edwin Harry Bryant, in propria persona.*

*Per Curiam.* Whether appellant was represented by counsel when he pleaded guilty to burglary is a question of fact which can be resolved only after an evidentiary hearing. In a case where an accused is not represented by counsel at the time he pleads guilty and the record does not show whether the accused was advised of his right to counsel or that he intelligently waived counsel, it is incumbent on the court in a postconviction proceeding to conduct a hearing on such questions and make findings

of fact in relation thereto. *State* v. *Smith*, 12 Ohio St. 2d 7; *State* v. *Perry*, 10 Ohio St. 2d 175.

A presumption that appellant was represented by counsel when he pleaded guilty, based on the absence of an entry of withdrawal of counsel who allegedly appeared only for a limited purpose, will not suffice to deny relief without a hearing. At such hearing, the facts relating to representation by counsel, or the explanation and possible waiver of appellant's rights thereto may be determined and there will be no need to indulge in presumptions from a silent record. See *Carnley* v. *Cochran*, 369 U. S. 506.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.