THE STATE OF OHIO, APPELLEE, *v.* ESHERICK, APPELLANT.

(No. 920—Decided May 7, 1969.)

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Paul H. Mitrovich*, for appellee.

*Mr. John S. Nelson* and *Mr. Henry D. Rand, Jr.*, for appellant.

Cook, J. This cause is before this court on an appeal from a sentence and judgment of the Common Pleas Court of Lake County on a jury verdict which found the defendant guilty of murder in the first degree without a recommendation of mercy and guilty on a second count of assault with intent to kill.

The evidence reveals that the defendant was a juvenile of fifteen years and seven months on May 5, 1967, and that he resided with his parents on Walnut Street in Painesville, Ohio.

The evidence discloses further that the defendant was disciplined upon occasion by his parents and that he had indicated to various high school friends, prior to the crime, that he was considering running away from home, after first knocking his parents unconscious.

On May 5, 1967, shortly after dinner, the defendant called to his mother to come to his bedroom in the family residence, where he struck her across the back of the head or neck with the handle of a bayonet he had brought to his room from the basement of the home.

Following this assault upon his mother, his father arrived upon the scene from another room in the house and, during an ensuing physical encounter of one type or another with the defendant, the father was stabbed in the chest by the point of the bayonet and died as a result of the wound.

The defendant was taken before the Juvenile Court of Lake County and, on August 4, 1967, the Juvenile Court waived jurisdiction of the defendant and transferred jurisdiction to the Court of Common Pleas, and defendant was ordered held without bail for the next grand jury.

Thereafter, on September 28, 1967, defendant was indicted for first degree murder and for assault with intent to kill by the Lake County Grand Jury. On November 20, 1967, the trial began, and, on December 7, 1967, the jury returned a verdict of guilty on both counts and did not recommend mercy as to the first count.

From the sentence and judgment of the Common Pleas Court on the jury verdict an appeal has been taken to this court.

The essential elements of the crime of first degree murder are:

(1) A purposeful killing,

(2) of a person living at the time of the act and now dead,

(3) with deliberate and premeditated malice; and

(4) venue.

Schneider's Ohio Criminal Code 234; Section 2901.01, Revised Code.

Of these four elements, there is no question, from the evidence, that one Fred Esherick, Sr., was a person living at the time of the act, that he is now dead and that the act complained of occurred in Lake County which was, therefore, the venue of this crime.

As to the first element, "purposely" is defined as an act of the will; an intention; a desire to do an act. To do an act purposely is to do it intentionally, not accidently or involuntarily.

It is the law of Ohio that "an intent to kill may be presumed where the natural and probable consequence of a wrongful act is to produce death, and such intent may be deduced from all the surrounding circumstances, including the instrument used to produce death, its tendency to destroy life if designed for that purpose, and the manner of inflicting a fatal wound." *State* v. *Robinson*, 161 Ohio St. 213.

"* * * men are presumed to intend the natural consequences of their act, and cannot escape punishment for taking life on the claim that they had not intended or expected that such consequence would result from what they

purposely did." *State* v. *Gardiner*, Wright 392; *State* v. *Robinson*, 20 W. Va. 713, 43 Am. Rep. 799.

In the matter presently before this court there was sufficient evidence in the record to have warranted the jury in finding that the state had proved the first element, "a purposeful killing," beyond a reasonable doubt.

The testimony of the mother as to what transpired in the family home that evening and the events that followed, as well as much of the testimony of the defendant himself and the medical testimony, was more than ample on that element.

The mother's testimony as to the manner in which the fatal blow was struck and the failure of the defendant to remember how the bayonet became lodged in his father's chest certainly were especially damning evidence on the element of "intent."

The killing, in order to be within the purview of the statute on first degree murder, must not only be intentional but must have been committed with "deliberate and premeditated malice."

Malice, in the legal sense, signifies a willful design to do another an unlawful injury. In this sense, it is said that malice is the dictate of a wicked, depraved and malignant heart. 27 Ohio Jurisprudence 2d 560, Homicide, Section 9.

The purpose of the requirement of deliberate and premeditated malice, in first degree murder, is to show that the defendant, by reflection, understood what he was about to do and intended to do it in order to do harm—in this case to kill.

To deliberate and premeditate is to weigh and consider beforehand (*Dodig* v. *State*, 16 C. C. (N. S.) 311, 31 C. D. 507), and the thing to be weighed and considered beforehand is the intentional killing—the formed-purpose maliciously to kill (*State* v. *Mueller*, 54 W. L. B. 94, 6 O. L. R. 542).

Deliberation and premeditation are elements requiring action of the mind.

The length of time required for the deliberation and

premeditation specified in the first-degree-murder statute is not fixed by statute. It is clear that the deliberation and premeditation must have existed in the mind of the accused for such period of time as to preclude the idea that the purpose and intent to kill were formed for the first time at the very time of the act of killing. *Twiman* v. *State,* 13 Ohio Law Abs. 459.

But the deliberation or premeditation need not continue over a long period of time—a short time is sufficient. *State* v. *Koons,* 47 Ohio Law Abs. 620.

The thing that is important is that the accused should have deliberated and premeditated on the intent.

"Where the fact of killing is proved, malice is to be presumed, and all the circumstances of justification, excuse, or extenuation must be made out by the accused, unless they appear from the evidence adduced against him." *State* v. *Robinson,* 161 Ohio St. 213.

In this case, the fact of a killing has been proved, and the defendant has not convinced the jury of any circumstances of justification, excuse, or extenuation, and the evidence adduced against the defendant does not reveal any such circumstances.

However, the malice that is to be presumed by the fact of killing is the type of malice which is an element of second degree murder. In first degree murder the malice must be deliberate and premeditated malice.

The evidence in this case on the element of deliberation and premeditation is, in the unanimous opinion of this court, insufficient to prove this element beyond a reasonable doubt, and, therefore, the evidence in this case is insufficient to sustain the verdict of guilty of murder in the first degree.

A line by line examination of all six volumes of the bill of exceptions and an examination of all the exhibits received into evidence fail to produce sufficient evidence to warrant the guilty finding on the first count of the indictment.

The testimony given by high school friends of the defendant reveals only that he was considering running away from home and knocking his parents unconscious.

Dan Clark, one of the defendant's school friends, did testify that, the day before the crime, the defendant said "I could always kill them" as he laughed when the witness told him he was crazy to consider running away and knocking his parents unconscious.

The statement was apparently not taken seriously by the witness since he did not repeat it to his family or friends. If the defendant had said "I'm going to kill them" it would be some evidence of premeditation.

Certainly those few words, if indeed they were uttered, do not, by themselves, prove that the defendant, by reflection, understood what he was about to do, and intended to do it in order to do harm—in this case to kill.

In fact, the total evidence indicates the lack of premeditated malice on the part of the defendant. The state's evidence of defendant's actions prior to May 5, 1967, at the time of the killing and after the killing fails to produce sufficient evidence of first degree murder.

The elements of second degree murder are:

(1) an intent and purpose to kill, and

(2) malice, but not deliberate and premeditated malice. *State* v. *Turner*, Wright 20.

In other words, murder in the second degree is the unlawful, malicious and intentional killing of a human being. *Neff* v. *State*, 16 Ohio Law Abs. 512.

The difference between first and second degree murder is the sole element of "deliberation and premeditation."

Section 2945.79 of the Revised Code lists the causes for a new trial and includes division (D) which reads:

"That the verdict is not sustained by sufficient evidence or is contrary to law; but if the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, provided that this power extends to any court to which the cause may be taken on appeal."

Section 2953.07 of the Revised Code provides:

"Upon the hearing of an appeal the court may affirm the judgment or reverse it, in whole or in part, or modify it as provided in division (D) of Section 2945.79 of the Revised Code and order the accused to be discharged or grant a new trial. * * *"

This court is of the opinion that there was insufficient evidence to sustain the verdict of murder in the first degree.

This court is of the further opinion that there was sufficient evidence to sustain all the elements of the crime of murder in the second degree.

As to the defendant's assignment of errors, this court finds they are without merit except those portions of the assigned errors dealing with the question of the legal sufficiency of the evidence for a judgment of first degree murder.

As to the second count of the indictment, assault with intent to kill, this court finds no prejudicial error and affirms the sentence and judgment of the Common Pleas Court.

As to the first count of the indictment, murder in the first degree, this court modifies the sentence and judgment and finds the defendant guilty of second degree murder.

Affirming the sentence and judgment of the Common Pleas Court as herein modified, and without granting or ordering a new trial, this court orders that the former sentence of death imposed by the Common Pleas Court be set aside and the defendant be brought before this court for sentencing according to law for the crime of murder in the second degree.

*Judgment modified and, as modified, affirmed.*

HOFSTETTER, P. J., and JONES, J., concur.