**Fred M. ESHERICK, Jr., Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent, Respondent-Appellee,**

**No. 72–1797.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1973.

Decided March 22, 1973.

Harry E. Youtt, Cleveland, Ohio, for petitioner-appellant; Bernard A. Berkman, Cleveland, Ohio, on brief.

---

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Before CELEBREZZE and MILLER, Circuit Judges, and KENNEDY *, District Judge.

PER CURIAM.

This is an appeal from the District Court's denial of Appellant's petition for a writ of habeas corpus. In 1967, Appellant, then 16 years of age, was convicted in the Court of Common Pleas for Lake County, Ohio, for the first degree murder of his father. Appellant took a direct appeal to the Court of Appeals for Lake County, which affirmed the judgment but modified the death sentence imposed by the trial court and sentenced Appellant for second degree murder. Appellant's subsequent motion for leave to appeal to the Supreme Court of Ohio was denied.

Appellant then filed the present petition for a writ of habeas corpus in the District Court, claiming that he was denied the effective assistance of counsel at his state trial through his attorney's "position of divided loyalty." His court-appointed defense counsel at that trial also served as attorney for the estate of Appellant's father. Moreover, Appellant's mother, who served as executrix for the father's estate, was the only eyewitness for the prosecution.

Concluding that Appellant had failed to exhaust his state remedies with respect to this claim, the District Court denied the petition. We affirm.

The issue of whether Appellant was denied effective assistance of counsel was first raised on direct appeal before the Court of Appeals of Lake County by amicus curiae, who was granted leave by that court to file an amicus brief and actively argued the issue before that court. This claim, however, was not included in Appellant's assignment of errors (see, O.R.C. § 2505.21) before that court, and that court's opinion affirming Appellant's conviction mentions neither the appearance of amicus curiae nor the ineffective assistance of counsel issue. See State v. Esherick, 19 Ohio App.2d 40, 249 N.E.2d 78 (Lake Co.Ct.Apps. 1969). We therefore conclude—as the District Court apparently did—that the presentation of this issue before the court of appeals by amicus curiae does not constitute an exhaustion of state remedies by Appellant.[1]

Although Ohio's postconviction relief statute, O.R.C. § 2953.21 et seq., has been narrowly construed by the state's Supreme Court [see State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); Coley v. Alvis, 381 F.2d 870 (6th Cir. 1967)], it appears that a claim of ineffective assistance of counsel, "which is tantamount to a denial of [one's] right to counsel," is clearly cognizable under the statute. State v. Juliano, 24 Ohio St.2d 117, 120, 265 N.E.2d 290, 293 (1970). See also Coley v. Alvis, supra, 381 F.2d at 872.

We therefore affirm the District Court denial of the petition due to Appellant's failure to exhaust the state remedies which are available to him.

---

* The Honorable Cornelia G. Kennedy, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. It is noteworthy that Appellant was represented before the Court of Appeals by the same attorney who had served as his defense counsel at trial and who is now the subject of Appellant's claim for habeas corpus relief.