THE STATE OF OHIO, APPELLEE, *v.* McGAHAN, APPELLANT.

(No. 4310—Decided October 6, 1949.)

*Mr. Ralph J. Bartlett,* prosecuting attorney, and *Mr. Edmund B. Paxton,* for appellee.

*Mr. Jesse S. Heslip* and *Mr. Ray E. Hughes,* for appellant.

WISEMAN, J. This cause is submitted on motion of George McGahan for leave to appeal. This is a criminal case and is controlled by Section 13459-4, General Code.

Sentence and judgment were pronounced on October 30, 1948. The defendant failed to file an appeal within 30 days as a matter of right. Section 13459-4 pro-

vides that ''after thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof.'' Obviously this provision was not intended to confer on the court the authority to grant leave to appeal without a showing of good cause. In determining whether leave to appeal shall be granted or refused the court is required to exercise sound discretion. In our opinion leave to appeal should be granted only where, if an appeal were refused, a miscarriage of justice might result. There must be some impelling reason which would require the court to act. No attempt was made to make such showing in the case at bar.

The point is made that the principal counsel for the defendant became ill during the trial and that other counsel assisted him and proceeded with the trial. However, counsel stated to this court that the principal counsel was in court at every session during the trial. It appears also that while principal counsel was ill during the 30-day period after sentence and judgment he, nevertheless, was in and out of his law office taking care of legal work. It appears that the assistant counsel had prepared and filed a bill of exceptions within the 30-day period.

Counsel for defendant claim that some time after sentence and judgment were pronounced, the exact date not being stated, the assistant prosecuting attorney prepared an entry and submitted it to counsel for defendant for approval, and that, because the entry was submitted, counsel for defendant were misled into believing that the time within which to prosecute an appeal was not running. No showing is made that counsel for defendant were not present or aware that sentence and judgment had been pronounced on October 30, 1948.

In our opinion the record in this case and the facts

presented do not constitute good cause for granting leave to file an appeal.

The motion is overruled.

*Motion overruled.*

MILLER, P. J., and HORNBECK, J., concur.