The State of Ohio, Appellee, *v.* Murphy, Appellant.

(No. 2514—Decided April 28, 1959.)

*Mr. Mathias H. Heck,* prosecuting attorney, for appellee.
*Mr. Otis Murphy, in propria persona.*

*Per Curiam.* This case is submitted on the motion of defendant, appellant herein, for leave to appeal from his conviction of murder in the first degree by a three-judge court on May 19, 1953.

No appeal as of right was taken within thirty days after sentence and judgment, as required by Section 2953.05, Revised Code, which provides:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof."

Under this section, after the expiration of the thirty-day period a leave to appeal will not be granted except for good cause. To grant or not to grant a leave to appeal lies within the sound discretion of the reviewing court. *State* v. *McGahan,* 86 Ohio App., 283, 88 N. E. (2d), 613; *In re Martin,* 61 Ohio Law Abs., 304, 104 N. E. (2d), 194; *State* v. *Bednarik,* 101 Ohio App., 339, 123 N. E. (2d), 31. There must appear some substantial reason for failure to prosecute the appeal as a matter of right and either probable error of law in the trial of the case, or facts

which, if true, overcome the presumption of the regularity and validity of the proceedings under which he was sentenced. *State v. Kramer,* 70 Ohio Law Abs., 97, 127 N. E. (2d), 61; *State v. Lyle,* 73 Ohio Law Abs., 417, 137 N. E. (2d), 900.

No bill of exceptions has been filed. However, on the state of the record a bill of exceptions is not necessary in order to determine whether the leave to appeal should be granted. The motion for leave to appeal has attached thereto assignments of error and brief, together with all the testimony in narrative form of all the witnesses called by both the prosecution and defense, at the trial in the court below. The question presented can be determined from the record before us.

In *State v. Kramer, supra,* it was held that:

"This court has the widest discretion as to the propriety of granting a leave to appeal.

"* * *

"It is the policy of this court upon such applications for leave to appeal to exercise discretion in the light of the facts appearing in each application."

In *State v. Merricks,* 57 Ohio Law Abs., 257, 88 N. E. (2d), 293, the first paragraph of the headnotes is as follows:

"Where the statutory term for appeal has passed, leave to appeal should be granted only where, if an appeal were refused, a miscarriage of justice might result."

In the trial below, the defendant was represented by counsel, who filed a motion for new trial which was overruled.

After a careful examination of the record, we are convinced that there has not been a showing of a substantial reason for failure to prosecute the appeal as a matter of right or of probable error in the trial of the case.

Motion for leave to appeal is overruled.

*Motion overruled.*

WISEMAN, P. J., and KERNS, J., concur.
CRAWFORD, J., not participating.