**Louis Charles HARRIS, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Ohio State Penitentiary, Respondent-Appellee.**

No. 15773.

United States Court of Appeals
Sixth Circuit.

Sept. 18, 1964.

Certiorari Denied Jan. 25, 1965.
See 85 S.Ct. 711.

Louis Charles Harris, in pro. per.

William B. Saxbe, Atty. Gen., John Cianflona, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant, Louis Charles Harris, who was convicted by an Ohio Court of Common Pleas for armed robbery and maiming, filed an application for a writ of habeas corpus under Title 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio, Eastern Division.

The United States District Judge granted him the right to proceed in forma pauperis and appointed counsel to represent him in that court. Subsequently, on motion of respondent, the District Judge dismissed the writ without hearing on the ground that appellant had failed to exhaust his state remedies. On appeal in forma pauperis from that order, this court directed inquiry to be made by the Clerk as to whether petitioner-appellant desired court appointed counsel, and on June 1, 1964, appellant responded in the negative.

Appellant sought before the District Court and seeks here to raise a variety of claimed federal constitutional issues— among them being denial of right to appeal from his state court conviction, denial of effective counsel at trial or appointed counsel on appeal, unconstitutional search and seizure, and employment of a coerced confession in his state court conviction.

The federal District Judge reached none of these issues when he dismissed the petition for the writ for failure to exhaust state remedies. His order said:

"The Court having carefully considered the same and being fully advised in the premises, finds that the petitioner has not made application for a Writ of Habeas Corpus in the Ohio Supreme Court.

"Under Article 4, Section 2, of the Ohio Constitution, the Supreme Court of Ohio has original jurisdiction in habeas corpus. This remedy is recited as a procedural right under Section 2725.02 of the Ohio Revised Code."

Appellant's claim of denial of right of appeal relates to the fact that his appeal of right from his state court conviction was dismissed by the Ninth Judicial District of the Ohio Court of Appeals because of failure to file Notice of Appeal with the Common Pleas Court. Under Ohio law such notice is held to be jurisdictional. Cincinnati v. Hawkins, 81 Ohio App. 459, 78 N.E.2d 61 (1947). Subsequently, appellant sought to appeal this dismissal to the Ohio Supreme Court, which considered his attempt as a motion for leave to appeal and denied same.

From the inadequate record before this court (and from that before the District Court) we are unable to ascertain that appellant's federal constitutional claims have ever been considered by the Supreme Court of Ohio—or indeed have ever been submitted to that court.

The United States District Judge in dismissing appellant's petition relied upon two decisions of this court wherein Ohio postconviction remedies were considered: Click v. Ohio, 319 F.2d 855 (C.A. 6 1963); Saulsbury v. Green, 318 F.2d 320 (C.A. 6 1963).

Both of these cases were decided subsequent to Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and pointed to Ohio's habeas corpus procedure as a state postconviction remedy available to test claims of federal constitutional violation.

Habeas corpus is provided for by the Ohio State Constitution, Article 4, Section 2,[1] and by Section 2725.02 of the Ohio Revised Code.[2] It is a remedy available to test the validity and legality of detention even though the particularities of the case are not spelled out in great detail. Hutchinson v. State, Ohio App., 151 N.E.2d 31 (1958).

Still another Ohio postconviction remedy (where "good cause" is shown) is an application for leave to appeal. Ohio Rev.Code § 2953.05; State v. Murphy, 108 Ohio App. 539, 162 N.E.2d 869 (1959).[3]

Affirmed.

1. "[The Supreme Court of Ohio] shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state, in cases of felony on leave first obtained, * * *." Ohio Constitution, Article 4, Section 2.

2. Section 2725.02, Ohio Rev.Code provides: "The writ of habeas corpus may be granted by the supreme court, court of appeals, court of common pleas, probate court, or by a judge of any such court."

3. Section 2953.05. "Appeal under section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. Appeals from judgments or final orders as above defined in magistrate courts shall be taken within ten days of such judgment or final order. After the expiration of the thirty day period or ten day period as above provided, such appeal may be taken only by leave of the court to which the appeal is taken. An appeal may be taken to the supreme court by giving notice as provided by law and rule of such court within thirty days from the journalization of a judgment or final order of the court of appeals in all cases as provided by law."