Randolph RUSSELL, Petitioner-Appellant,

v.

E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.

No. 16096.

United States Court of Appeals
Sixth Circuit.

July 22, 1965.

---

* The appeal was initially heard by a panel consisting of Chief Judge Lumbard and Judges Moore and Marshall. Chief Judge Lumbard having later determined that he preferred not to participate, Judge Friendly was designated to act in his stead and the parties were given an opportunity to submit further briefs taking account of the decisions relating to Ira Haupt & Co. reported at 343 F.2d 726 and 344 F.2d 294.

Douglas M. Mansfield, Cincinnati, Ohio (Court appointed), for appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

This appeal is from an order of the District Court denying Appellant's petition for a writ of habeas corpus.

Appellant was indicted by the grand jury of Cuyahoga County, Ohio, for the offenses of burglary of an inhabited dwelling, aggravated assault and rape. Upon arraignment he pleaded not guilty. The Court assigned counsel to represent him. Trial by jury was waived and the Court found Appellant guilty of all three offenses. He was sentenced to an indeterminate period in the Ohio penitentiary. He then appealed from the judgment of conviction to the Court of Appeals for Cuyahoga County, Ohio. His counsel, appointed in the Common Pleas Court, declined to participate in the appeal, and it was later dismissed by the Court of Appeals for failure to file a brief within the time provided by its rules.

Appellant then filed a petition for a writ of habeas corpus in the Court of Appeals for Franklin County, Ohio. After a hearing on the merits, that Court dismissed the petition for failure to sustain the allegations concerning unconstitutional restraint. Thereafter Appellant filed in the Supreme Court of Ohio a petition for leave to appeal from the dismissal of his appeal by the Court of Appeals of Cuyahoga County and from the order of the Court of Appeals of Franklin County dismissing his petition for a writ of habeas corpus. The Clerk of the Supreme Court returned the papers to Appellant because they were not timely filed.

Appellant complains that his constitutional rights were violated in his arrest without a warrant, in the search of his home, and in the seizure of articles of clothing without a search warrant. The trouble here is that Appellant has not exhausted remedies available to him under Ohio law.

Even though his direct appeal to the Cuyahoga County Court of Appeals was dismissed, Appellant still had the remedy of a delayed appeal under Ohio law. Ohio Rev. Code § 2953.02. He could take an appeal to the Supreme Court of Ohio from an adverse ruling of the Court of Appeals. Ibid. The Constitution of Ohio vested original jurisdiction in the Supreme Court to hear and determine petitions for habeas corpus. Ohio Constition, Art. 4, Sec. 2. Jurisdiction in habeas corpus was likewise conferred on the Supreme Court by statute. Ohio Rev. Code § 2725.02. Appellant never filed a petition for writ of habeas corpus in the Supreme Court of Ohio.

Until Appellant has exhausted his state remedies, the Federal Courts have no jurisdiction in habeas corpus. 28 U.S.C. § 2254; Rollins v. Haskins, 348 F.2d 454 (C.A. 6, 1965); Gravette v. Maxwell, 340 F.2d 95 (C.A. 6, 1965); Harris v. Maxwell, 337 F.2d 710 (C.A. 6, 1964) cert. denied 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 614.

The fact that Appellant lacked counsel to aid him in exhausting his state remedies does not excuse his failure to take the prerequisite steps provided by law.

Affirmed.