Noel M. ANDERSON, Petitioner-Appellant,

v.

E. B. HASKINS, Martin A. Janis, and Ohio Adult Parole Authority, Respondents-Appellees.

No. 18727.

United States Court of Appeals Sixth Circuit.

Feb. 24, 1969.

Noel M. Anderson, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellees.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Noel M. Anderson, petitioner-appellant, now confined in the London (Ohio) Correctional Institution, appeals from an order of the United States District Court for the Southern District of Ohio, denying his petition for a writ of Habeas Corpus. The district Judge held that the petition did not state a claim upon which relief could be granted.

Anderson entered the Ohio Penitentiary on February 26, 1965, to begin serving a two to fifteen year sentence for illegal possession of narcotics. The validity of this sentence is not in question. On January 29, 1966, at the request of the United States, Anderson was turned over to the United States District Court for the Southern District of New York on a federal charge. Here he was sentenced to one year imprisonment to run concurrently with the Ohio sentence, and to be served in the Ohio penitentiary. He was returned to the Ohio Penitentiary and a federal detainer was lodged against him. He was granted a state parole subject to the federal detainer effective November 10, 1966. At this time he was turned over to the United States and carried on inactive parole status in Ohio. Upon release from the federal sentence on January 16, 1967, Anderson was placed under supervision of the Ohio Adult Parole Authority. He was taken into custody as a parole violator on May 27, 1967 and returned to the London Correctional Institution where he is now confined.

Upon these facts the appellant claims that when he was granted a release on parole in November 1966 and was given in custody to the Federal Court, the State of Ohio lost jurisdiction of him and could not thereafter rearrest him for parole violation. He filed a petition for a writ of habeas corpus in the District Court under Section 2241(c) (3), Title 28, U.S.C.:

> "He is in custody in violation of the Constitution or laws or treaties of the United States."

The respondent moved to dismiss on the ground that the appellant had failed to exhaust his state court remedies and for failure to state a claim in his petition upon which relief could be granted.

We agree with the district judge that the petition fails to state a claim upon which relief can be granted [1] but we also find that the appellant failed to exhaust his available state remedies.

At the time Anderson brought his action in the District Court he was confined in the London Correctional Institution pursuant to a judgment of conviction in a state court of Ohio. Section 2254, Title 28, U.S.C. provides:

> "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. * * *
>
> "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, * * * if he has the right under the law of the State to raise, by any available procedure, the question presented."

---

1. Section 2967.01(E) Ohio Revised Code provides: " 'Parole' means the release from confinement in any state penal or reformatory institution * * * under such terms and for such period of time as shall be prescribed by the authority in its published rules and official minutes. * * * Legal custody of a parolee shall remain in the department of mental hygiene and correction until a final release is granted by the authority."

See DiMarco v. Greene, 385 F.2d 556, 563 (C.A. 6) and cases cited therein; Gemmel v. Buchkoe, Warden, 358 F.2d 338, 341 (C.A. 6) ; Wall v. Hudspeth, 108 F.2d 865, 866 (C.A. 10) ; Mingo v. United States, 350 F.2d 313, 314 (C.A. 10).

The appellant filed his petition in the District Court without first availing himself of the provisions of Section 2725.01 of the Revised Code of Ohio:

"Whoever is unlawfully restrained of his liberty, * * * may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, * * *."

It is obvious that the appellant did not exhaust his state remedies. See Rayborn v. Jones, 6 Cir., 282 F.2d 410.

Judgment affirmed.