**Robert Lee HARRIS, Petitioner-Appellant,**

**v.**

**Harold J. CARDWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 20541.**

United States Court of Appeals, Sixth Circuit.

July 29, 1971.

Rehearing and Rehearing Denied Oct. 7, 1971.

---

Robert Lee Harris, in pro. per.

Paul W. Brown, Atty. Gen. of Ohio, Stephen M. Miller Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before WEICK and BROOKS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Robert Lee Harris, petitioner-appellant, from an order of the United States District Court for the Northern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. The petitioner was indicted by the Grand Jury of Lucas County, Ohio for murder in the second degree. He waived trial by jury, was tried by the court and found guilty of the included offense of manslaughter in the first degree. He was sentenced to a term in the Ohio State Penitentiary of one to twenty years, pursuant to Section 2901.06, Ohio Revised Code. His conviction was affirmed by the Court of Appeals for the Sixth District of Ohio and his motion for rehearing was denied. There was no further proceedings in the Ohio Courts.

Petitioner, alleging that his Fifth and Fourteenth Amendment rights to the Constitution of the United States were violated could have appealed to the Ohio Supreme Court as a matter of right, Section 2953.02 Ohio Revised Code. He took no such action.

We are confronted at the outset with the question of whether the petitioner exhausted his state remedies. The district judge did not raise this question and counsel for the respondent, "allows that appellant has apparently exhausted his state court remedies within the meaning of 28 U.S.C.A., Section 2254."

The Supreme Court of Ohio has original jurisdiction to hear and determine petitions for habeas corpus. Ohio Constitution, Art. 4, Sec. 2. Jurisdiction is likewise conferred on the Supreme Court by statute, Sec. 2725.02, Ohio Revised Code. Russell v. Maxwell, 348 F.2d 908, 909 (C.A. 6), cert. den. 382 U.S. 998, 86 S.Ct. 585, 15 L.Ed.2d 485; Anderson v. Haskins, 407 F.2d 399, 401 (C.A. 6); Gravette v. Maxwell, 340 F.2d 95, 96 (C.A. 6); Harris v. Maxwell, 337 F.2d 710, 711 (C.A. 6) cert. den., 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 614.

Without exhausting his state remedies the Federal Courts have no jurisdiction to hear and determine the petitioner's petition. Russell v. Maxwell, *supra;* Rollins v. Haskins, 348 F.2d 454, 456.

Whether Rule II, Section 8 of the Rules of Practice of the Supreme Court of Ohio (Effec. 4–1–69) allows a delayed appeal to the Supreme Court of Ohio under Section 2953.05, Ohio Revised Code is a question for the Supreme Court of Ohio to determine. We held in Terrell v. Perini, 414 F.2d 1231 and decision on rehearing p. 1234 (July 2, 1969) that Section 2953.05 of Ohio Revised Code did not provide for a delayed appeal to the Supreme Court of Ohio.

The judgment of the District Court is affirmed and the petition for a writ of habeas corpus is dismissed.

On Petition for Rehearing

ORDER

Appellant's petition for rehearing en banc having come on to be considered, and since none of the judges of this Court who are in regular active service requested a vote for a rehearing en banc: It is ordered that appellant's motion for a rehearing en banc be and the same is hereby denied.

It is further ordered that the petition for rehearing be denied for the reason

that Rule 11, Section 8 [1] of the Rules of Practice of the Supreme Court of Ohio, provides for the late filing of a notice of appeal in felony cases.

---

[1]. As a matter of practice such notices of appeal by indigent prisoners proceeding pro se are allowed in the Supreme Court of Ohio.