12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theophilus Tony DANZY, Petitioner-Appellant,
v.
Carl ANDERSON, Warden, Respondent-Appellee.
 No. 93-3420.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1993.
 
 N.D.Ohio, No. 93-07075; Don J. Young, J.
 N.D.Ohio
 AFFIRMED.
 Before: KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Theophilus Tony Danzy appeals a district court order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Danzy was convicted by a jury of conspiracy to commit aggravated murder, attempted aggravated murder, kidnapping, felonious assault, intimidation, and theft. The trial court sentenced Danzy to twelve to twenty-five years of imprisonment. Danzy filed an appeal to the Ohio Court of Appeals, which affirmed his conviction. Danzy initially sought further review by the Ohio Supreme Court, but voluntarily dismissed this appeal. Danzy also filed a petition requesting post-conviction relief in state court, which he also voluntarily dismissed.
 
 
 3
 Danzy then filed a petition for writ of habeas corpus in federal court, alleging that: 1) insufficient evidence existed to support his convictions, 2) the prosecution had not proven jurisdiction over his offenses, 3) the prosecution did not disclose materials favorable to Danzy, 4) the jury returned inconsistent verdicts, 5) Danzy received ineffective assistance of counsel, and 6) Danzy was deprived of a fair trial when the trial judge entered the jury room during deliberations. The district court determined that Danzy had not properly presented his issues to the Ohio state courts for review, had no remaining state court remedies, and, therefore, had procedurally defaulted his claims. As Danzy had not shown cause and prejudice to excuse this procedural default, the district court dismissed the petition. Danzy has filed a timely appeal.
 
 
 4
 Upon review, we affirm the judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). We agree with the district court that Danzy has not properly presented his claims to the Ohio state courts, because he did not provide the Ohio Supreme Court a full and fair opportunity to rule on all of his claims. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990). The Ohio Supreme Court order, however, granting Danzy's motion to dismiss his petition requesting review was not an adjudication on the merits; and, it appears that Danzy may still seek review of his claims by filing a delayed application for review pursuant to Rule II, Section 8 of the Rules of Practice of the Supreme Court of Ohio. See State v. Murnahan, 584 N.E.2d 1204, 1209 (Ohio 1992); Harris v. Cardwell, 447 F.2d 1339, 1340 (6th Cir.1971) (per curiam).
 
 
 5
 Accordingly, we affirm the district court's judgment, as hereby modified to be without prejudice to Danzy's right to file another petition for habeas corpus after exhausting his state court remedies. Rule 9(b)(3), Rules of the Sixth Circuit.