OPINION
Appellant Jacques Carter appeals the sentences he received following convictions in the Court of Common Pleas, Stark County, on a multiple-count indictment. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
On August 9, 2000, appellant was convicted of eight counts of forgery, one count of assault, and one count of receiving stolen property. He was thereupon sentenced to five terms of one year each for five of the forgery counts, to be served consecutively, and three terms of one year each for the remaining three forgery counts, to be served concurrently to each other and to the first five counts. As to the assault count, appellant received eighteen months incarceration, consecutive to the sentences for forgery; as to the receiving stolen property count, sixty days in jail, concurrent with the prior terms. The actual total sentence time thus equated to six and one-half years.
Appellant originally filed a direct appeal therefrom; however, this Court dismissed his appeal on March 7, 2001, based on the lack of a timely appellate brief. See App.R. 18(C). On July 13, 2001, we granted appellant's motion to reopen the appeal pursuant to App.R. 26(B).
Appellant herein raises the following four Assignments of Error:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSING CONSECUTIVE SENTENCES.
 II. THE TRIAL COURT PLAINLY ERRED IN IMPOSING MAXIMUM PRISON TERMS FOR MR. CARTER'S EIGHT FORGERY COUNTS AND THE ASSAULT COUNT.
 III. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO MR. CARTER'S MAXIMUM, CONSECUTIVE PRISON TERMS AT THE SENTENCING HEARING.
 IV. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A BRIEF ON MR. CARTER'S BEHALF.
Standard of Review
We no longer review felony sentencing under an abuse of discretion standard. After the enactment of Senate Bill 2 in 1996, an appellate court's review of an appeal from a sentence was modified. R.C.2953.08(G)(1) presently reads:
 (G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
Additionally, R.C. 2953.08(F) sets forth the record an appellate court must review. It provides in pertinent part:
 (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
 (1) Any pre-sentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 (2) The trial record in the case in which the sentence was imposed;
 (3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
 (4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
Accordingly, we review the aforesaid sentences under these guidelines.
 I
In his First Assignment of Error, appellant contends the trial court erred in failing to meet statutory prerequisites for imposing consecutive sentences. We agree.
R.C. 2929.14(E)(4) provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The state stipulates that the trial court did not make written findings pertaining to R.C. 2929.14(E)(4) in its sentencing entry. Appellee's Brief at 9. The state instead directs us to the trial judge's statements, made following final arguments at the sentencing proceedings:
 THE COURT: Thing is, Mr. Carter, though, you had a plan which has been established here through the prosecution of cashing these checks and receiving this money; and it just wasn't one time, but it was a number of times that you used other people to help you conduct this plan.
 It wasn't just a one-shot deal, going in and cashing a forged check. You was making up these checks or somebody was making them up with you and cashing these checks.
* * *
Tr. at 381.
The trial court, in reaching such factual conclusions, is certainly entitled to a presumption of regularity and validity. See State v.Murphy (1959), 108 Ohio App. 539. Nonetheless, upon review of the aforesaid and the remainder of the record of the sentencing hearing, we hold that the court did not make the required statutory findings before sentencing appellant to consecutive terms. Cf. State v. Klink (Oct. 11, 2000), Richland App. No. 00-CA-16, unreported.
Appellant's First Assignment of Error is sustained.
 II
In his Second Assignment of Error, appellant contends the trial court erred in failing to meet statutory prerequisites for imposing maximum sentences on the forgery counts and the assault count. We agree.
R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
Based on the record, as discussed in regard to appellant's First Assignment of Error, we hold that the court did not make the required statutory findings before sentencing appellant to maximum terms on the forgery and assault offenses.
Appellant's Second Assignment of Error is sustained.
 III, IV
In his Third and Fourth Assignments of Error, appellant maintains that his trial counsel and original appellate counsel were ineffective. However, as our present opinion resolves in appellant's favor the very sentencing issues said counsel could have arguably raised, we find further analysis would be merely academic. We have made clear our reluctance to engage in the issuance of advisory opinions. See, e.g.,State v. Brown (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported.
Therefore, we decline to address appellant's Third and Fourth Assignments of Error on grounds of mootness.
The judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for resentencing. We vacate the sentences imposed for forgery and assault, and direct the trial court to make the appropriate, applicable finding(s) on the record, pursuant to R.C.2953.08(G).
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs are assessed to Appellee State of Ohio.
Hon. William B. Hoffman, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.