[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} James K. Massie has filed a motion for leave to appeal pursuant to App.R. 5(A) asking this court to allow a delayed appeal of the trial court's June 18, 2004 judgment convicting him of rape and kidnapping. For the reasons that follow, Massie's motion is DENIED.
 {¶ 2} App.R. 5, which governs appeals by leave of court, provides in pertinent part: "[(A)](1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of court to which the appeal is taken in the following classes of cases: (a) Criminal proceedings; * * * (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to
 {¶ 3} perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of appeal in the court of appeals. * * *"
 {¶ 4} Whether to grant or refuse leave to file a delayed appeal is within the sound discretion of the appellate court. State v. McGahan
(1949), 86 Ohio App. 283. Moreover, a delayed appeal should be granted only where it appears on the face of the record that denying leave would result in a miscarriage of justice. State v. Bednarik (1954),101 Ohio App. 339.
 {¶ 5} Pursuant to App.R. 5(A), Massie is required to set forth reasons for failing to perfect an appeal so that this court can determine whether there was a justifiable explanation for his failure to do so. In support of his motion, Massie claims that he failed to file a timely notice of appeal because his trial counsel advised him that an appeal was not an option as he had entered a guilty plea.
 {¶ 6} Upon consideration, we find that Massie has not set forth a sufficient reason for his failure to file a timely notice of appeal. Although Massie claims that his attorney advised him that he could not file an appeal, there is no evidence in the record to support this allegation. Without such evidence, we have no way of determining what, if anything, appellant's attorney told him regarding a possible appeal.
 {¶ 7} Furthermore, ignorance of the law cannot be used to justify an untimely filing. Massie had seven months to file this motion and never did. During that time, Massie pursued other relief through a motion for new trial, a motion to withdraw his guilty plea, and a petition for post-conviction relief.
 {¶ 8} Therefore, based on the foregoing, we conclude that denying Massie leave to file a delayed appeal would not result in a miscarriage of justice. Massie's motion for leave to appeal and any other pending motions are DENIED.
 Case Dismissed. Costs to Appellant.
Abele, P.J., Kline, J.: Concur.