DECISION AND JUDGMENT ENTRY {¶ 1} Randall S. Allen has filed a motion for leave to appeal pursuant to App.R. 5(A) asking this court to allow a delayed appeal of the trial court's July 2002 judgment convicting him of unlawful sexual conduct with a minor and rape. For the reasons that follow, Allen's motion is DENIED.
 {¶ 2} App.R. 5, which governs appeals by leave of court, provides in pertinent part:
"[(A)](1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of court to which the appeal is taken in the following classes of cases:
"(a) Criminal proceedings;
"* * *
"(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of appeal in the court of appeals. * * *"
 {¶ 3} Whether to grant or refuse leave to file a delayed appeal is within the sound discretion of the appellate court.State v. McGahan (1949), 86 Ohio App. 283. A delayed appeal should be granted only where it appears on the face of the record that denying leave would result in a miscarriage of justice.State v. Bednarik (1954), 101 Ohio App. 339.
 {¶ 4} In seeking a delayed appeal, an applicant is required to set forth reasons for failing to perfect a timely appeal so that this court can determine whether there was a justifiable explanation for the failure to do so. In support of his motion, Allen claims that he failed to challenge the trial court's judgment because the United States Supreme Court had not yet decided Blakely v. Washington, (2004), 542 U.S. ___,124 S.Ct. 2531, when he was convicted.
 {¶ 5} Although the Supreme Court issued Blakely nearly two years after Allen's conviction, the logic underlying the decision is not new. See Apprendi v. New Jersey (2000), 530 U.S. 466,490 (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). As a result, there was nothing preventing Allen from raising the same claims successfully asserted in Blakely in his own direct appeal. See, however, State v. Whited, Washington App. No. 04CA31,2005-Ohio-2224, at ¶ 7 (holding that Blakely does not apply in Ohio because of the differences between its sentencing scheme and the one at issue in Blakely).
 {¶ 6} Based on the foregoing, we conclude that denying Allen leave to file a delayed appeal would not result in a miscarriage of justice. Allen's motion for leave to appeal and any other pending motions are DENIED.
Abele, P.J., McFarland, J.: Concur.